UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIE ROGOFF, for herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | No. 2:21-cv-01157-BJR<br><br>ORDER GRANTING DEFENDANT T-MOBILE USA, INC.'S MOTION TO STAY PROCEEDINGS PENDING ACTION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION |

This matter comes before the Court on Defendant's Motion to Stay Proceedings Pending Action by the Judicial Panel on Multidistrict Litigation (JPML). Dkt. No. 19. For the reasons set forth below, the Court GRANTS Defendant's motion.

This case is one of many lawsuits brought by Defendant's customers following a data security breach. More than two dozen cases related to the data security breach are currently pending in this District, and similar cases are pending in other judicial districts across the country.

On August 23, 2021, plaintiffs in a similar case pending before this Court (*Daruwalla v. T-Mobile USA, Inc.*, No. 2:21-cv-01118-BJR) filed a motion with the JPML seeking an order to transfer several similar cases, as well as any subsequently filed cases involving similar facts or

ORDER - 1

claims, to this District for coordinated or consolidated pretrial proceedings. *In re T-Mobile Customer Data Sec. Breach Litig.*, MDL No. 3019, Dkt. No. 1. Defendant responded to that motion by proposing transfer to the U.S. District Court for the Western District of Missouri, while plaintiffs in several other cases have proposed transfer to different judicial districts. The JPML is scheduled to hear the motion to transfer on December 2, 2021. On October 29, 2021, this Court granted a motion filed by Defendant in *Daruwalla* to stay that case in its entirety pending a ruling by the JPML on the motion to transfer. *See Daruwalla*, Dkt. No. 39.

Plaintiff argues that Defendant's motion for a stay should be denied "so that the parties can either submit a stipulation regarding Defendant's evidence preservation obligations, or the Court can enter its own Order regarding those obligations." Dkt. No. 21 at 1. In response, Defendant notes that its duty to preserve evidence does not require such an order, but "attach[es] as soon as a party 'should reasonably know that evidence may be relevant to anticipated litigation.'" *Perez v. United States Postal Serv.*, No. C12- 00315 RSM, 2014 WL 10726125, at *3 (W.D. Wash. July 30, 2014). Defendant indicates that it has already confirmed to Plaintiff's counsel that it is complying with its preservation obligations, and argues Plaintiff have not provided any reason to believe that evidence has been or is being destroyed by Defendant. Given the presumption that Defendant will abide by its duty to preserve evidence and the lack of evidence suggesting that Defendant has failed to comply with its preservation obligations, the Court finds that entry of a preservation order is unnecessary.

Therefore, the Court finds that this matter should be stayed in its entirety pending the JPML's ruling on the pending motion to transfer. Any delay arising from a stay is likely to be short, and Plaintiff has not demonstrated that any significant prejudice would result from a short stay. A stay is also likely to conserve judicial resources, as well as the parties' resources, until

the JPML decides whether (and if so, where) to transfer the dozens of similar cases for coordinated or consolidated pretrial proceedings.

Therefore, the Court ORDERS that this action is STAYED in its entirety until the JPML rules on the pending motion for transfer of actions for coordinated or consolidated pretrial proceedings.

Dated November 12, 2021.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 3